UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HEATHER ALANE JONES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:12-CR-98 |
| | ) | 2:14-CV-180 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Heather Alane Jones, ("petitioner"), has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 528]. For the reasons discussed in this memorandum and order, her motion is DENIED.

**I.  Background**

Petitioner was one of 21 defendants in a 29-count indictment involving the manufacture and distribution of methamphetamine.  Petitioner was named in Count One with conspiring to manufacture 50 or more grams of methamphetamine; in Count Two with conspiring to distribute and to possess with the intent to distribute 50 or more grams of methamphetamine; in Count Eleven with possessing the chemicals, equipment and materials used to manufacture methamphetamine; and in Count Twenty-Nine (along with her husband and co-defendant, Charles Allen Jones, Jr.), with maintaining a residence for the purpose of manufacturing methamphetamine.[1]  Attorney Joseph Rasnick, a member of the Criminal Justice Act panel of this Court, was appointed to represent to represent petitioner.[2]

On January 24, 2013, petitioner signed a plea agreement with the United States in which

---

[1] Indictment, Doc. 4
[2] Doc. 37

1

agreed to plead guilty to the *lesser included offense of Count One*, *viz.*, conspiring to manufacture five grams but less than 50 grams of methamphetamine. The other three counts were to be dismissed upon entry of plaintiff's guilty plea.[3] Petitioner also agreed that she would not file a direct appeal of her conviction or sentence (except for a sentence imposed above the greater of the guideline range or mandatory minimum sentence), and that she waived her right to file a § 2255 motion except for a claim of ineffective assistance of counsel or prosecutorial misconduct unknown to her at the time of entry of judgment.[4]

For its part, the United States agreed that it would not oppose a two-level reduction for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. Further, the government agreed that if petitioner's offense level was 16 or greater, it would move for an additional one-level decrease.[5]

The petitioner pled guilty on February 13, 2013, and a presentence report ("PSR") was ordered. The United States Probation Office reported that petitioner had a total offense level of 29; a criminal history category of II; and a resulting guideline range of 97 to 121 months.[6] Petitioner moved for a downward variance of her sentence to 60 months, the statutory minimum for the offense to which she pleaded guilty.[7] The Court ultimately sentenced petitioner to the bottom of her guideline range, 97 months.[8]

On June 20, 2014, petitioner filed her motion under 28 U.S.C. § 2255, which makes two claims: (1) That her attorney was ineffective for failing to obtain an independent drug test of her children in order to combat the six-point increase under USSG § 2D1.1(b)(13)(D) for child

---

[3] Plea Agreement, Doc. 182
[4] *Id.*, ¶ 10
[5] *Id.*, ¶ 7.
[6] PSR, ¶¶23-32
[7] Doc. 393
[8] Judgment, Doc. 421

2

endangerment, claiming that a drug test procured by a "family member" showed there were no drugs (i.e., methamphetamine) present in her children's systems; and (2) that her attorney was ineffective for failing to demand a jury trial regarding facts that increased the mandatory minimum sentence ultimately imposed upon her.

**II.     Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255.   Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief.  If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity,  are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted).  A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case);

3

*Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims she was denied his sixth amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner crosses this evidentiary hurdle, she must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, she must show that she was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's ] review of counsel's performance is "highly deferential." Id. at 689, 104 S.Ct. 2052. [The

court must] "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

### III.  PETITIONER'S CLAIMS:

*Claim 1: Her attorney was ineffective for failing to obtain an independent drug test on her children.*

On June 22, 2012, petitioner and her husband (and co-defendant) Charles Jones, Sr., and her two minor children resided at a house on Greene County Line Road in Chuckey, Tennessee. Child Protective Services of Tennessee had received a report that methamphetamine was being cooked in the house.[9]

Based on this report and other information obtained in the course of an investigation, officers of the Washington County Sheriff's Department came to the house and, after obtaining consent, searched it. Equipment and other materials consistent with the manufacture of methamphetamine were found. Charles Jones admitted to the officers that he cooked methamphetamine in the house. Petitioner likewise admitted in her plea agreement that she knowingly allowed her husband to cook methamphetamine in their home.[10] The children were

---

[9] PSR, ¶17
[10]  Doc. 182,  ¶4(d)
5

removed from the home by Child Protective Services and tested positive for methamphetamine.[11]

The Base Offense Level for the lesser included offense to which petitioner pled guilty--conspiracy to manufacture at least 5 but less than 50 grams of methamphetamine--was 26.[12] Since the conduct involved a substantial risk of harm to her children, U.S.S.G. §2D1.1(b)(13)(D) required that the offense level be increased by six levels to 32.[13] Because of her acceptance of responsibility and assistance to authorities, three levels were deducted.[14] Her Total Offense Level, as adjusted, was 29.[15]

Petitioner states in her motion that a drug test of the children procured by a "family member" showed that there were no drugs present in the children's systems. She argues that but for her attorney's failure to use those test results, she would not have received the six-level increase in her offense level.

First, petitioner does not indicate who purportedly arranged for the children to be tested; or when they were tested; or what agency performed the tests. Such general, conclusory, and unsupported assertions do not warrant an evidentiary hearing, *O'Malley, supra*.

Second, the children were tested at the behest of Child Protective Services on or near June 22, 2012, and those tests indicated the presence of methamphetamine. A similar test performed days, weeks, or months later would have proven nothing of any relevance.

Third, even if the tests obtained by Child Protective Services had been negative, it would not have followed therefrom that the children had not been exposed to the risk of death or serious harm. The danger of explosion and fire while cooking methamphetamine is well known.

---

[11] PSR, ¶17
[12] PSR, ¶23
[13] PSR, ¶24
[14] PSR, ¶¶30,31
[15] PSR, ¶32

6

Thus, negative drug test results obtained after the children had been removed from the home would have been just as irrelevant to the *risk* of harm that existed on and before June 22, 1012. Whether they actually were harmed is beside the point.

Fourth, under ¶ 10(b) of her plea agreement, petitioner waived her right to file a claim of ineffective assistance of counsel under 28 U.S.C. §2255 except for any such claim unknown to her at the time judgment was entered. Such waivers are valid and are to be given effect by the courts, *In Re Renato Acosta*, 480 F.3d 421, 422 (6th. Cir. 2007). If drug tests were performed on the children as she claims, she necessarily knew of them at the time she pled guilty and the judgment was filed *unless* those tests were somehow performed after the entry of judgment in which event they would have been utterly useless as discussed in the preceding paragraph.

Petitioner's allegations are conclusory and unsupported by any factual recitations that have at least a modicum of reliability. Additionally, drug tests administered some period of time after the children were removed from the home where they were exposed to methamphetamine would have been of no probative value. In that same vein, such tests beg the question of the hazard of explosion, fire and burns. Petitioner's attorney cannot be faulted for failing to pursue a futile and wasteful strategy which would have not affected the outcome, *Strickland, supra.*. This claim has no merit.

*Claim 2: Petitioner's attorney was ineffective for failing to demand a jury trial regarding facts which increased the mandatory minimum sentence imposed upon her.*

Citing *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Petitioner argues that her attorney was ineffective for failing to insist that a jury decide all facts which the court relied upon to sentence her above the statutory minimum of 60 months. Petitioner misreads *Alleyne*. *Alleyne* only precludes judges from finding facts (other than the fact of a prior conviction) which increase

7

the statutory penalty for an offense. The statutory penalty for conspiring to manufacture five but less than fifty grams of methamphetamine was a mandatory minimum of five years up to a maximum of forty, 21 U.S.C. §846 and 21 U.S.C. §841(b)(1)(B). No fact found by this court, including the substantial risk of harm to the children, increased that statutory range. *Alleyne* does not prohibit a judge from making factual determinations to decide the appropriate sentence *within* the statutory range, *Alleyne*, 133 S.Ct. at 2163. Petitioner was sentenced to 97 months, well below the maximum of 480 months.

Petitioner's attorney was not ineffective for failing to make a pointless request. This claim has no merit.

**IV. CONCLUSION**

Neither claim advanced by petitioner warrants an evidentiary hearing. They are meritless and the motion, [Doc. 528], is therefore DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists

8

could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment in accordance with this Memorandum and Order will be filed.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE